UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILL HAYWOOD,

        Plaintiff,

        v.                                    Case No. 25-CV-2048

ELIZABETH TEGELS,
CASEY JENSEN,
BRETT SCHMITZ, and
JOHN AND JANE DOE,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Will Haywood, who is currently serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Plaintiff paid the full filing fee for this action on December 29, 2025. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At all relevant times, Plaintiff was a hearing-impaired inmate housed at Jackson Correctional Institution. On April 8, 2025, at approximately 1:45 p.m., Plaintiff was doing his hair in the community restroom. He removed his hearing aids because he was using water to do his hair. Plaintiff was approached by another inmate with a hearing impairment, who asked if Plaintiff received his ADA headphones. Plaintiff responded that he did not. Compl. at 2, Dkt. No. 1.

Plaintiff approached Social Worker Brett Schmitz at the Sergeant Station to ask about the ADA headphones. Plaintiff did not place his hearing aids in his ears because his hair was dripping wet, but Plaintiff is able to read lips. He asked Social Worker Schmitz if he could go to Quarry

2

Unit to receive his ADA headphones. Social Worker Schmitz replied, "Yes, you can go." *Id.* Plaintiff asked him again to be sure, and Social Worker Schmitz said, "Yes, you can go." *Id.* Plaintiff then got dressed, signed out, and went to Quarry Unit to receive his ADA headphones. *Id.* at 2–3. The ADA coordinators gave Plaintiff his ADA headphones, and Plaintiff returned back to his unit. *Id.* at 3.

Sergeant Carstens (not a defendant) approached Plaintiff at approximately 3:50 p.m. and told Plaintiff to report to Social Worker Schmitz' office. Plaintiff immediately went to Social Worker Schmitz' office and sat down. Social Worker Schmitz said, "I hear you're family." *Id.* Plaintiff explains that "'family' is a gay term that gay people say when one another identify each other." *Id.* Plaintiff responded, "Alright, everybody knows about that, is this what this all about?" *Id.* Social Worker Schmitz replied, "No, this is about you going to Quarry Unit without permission." *Id.* Plaintiff apologized to Social Worker Schmitz. Social Worker Schmitz stated, "Now look, I don't want to write you this conduct report, but if you can do me a favor." *Id.* Plaintiff asked what the favor was, and Social Worker Schmitz responded, "Look, I been watching you for some time now, and you have a fat a** and if you want to get things started, I will make this conduct report go away." *Id.* Plaintiff got up and stated, "You need to write that ticket." *Id.* at 4. Plaintiff was so appalled by Social Worker Schmitz' statement and behavior that, upon exit, Plaintiff slammed the office door. *Id.*

Plaintiff then wrote down what happened on the back of his monthly statement. At 6:00 p.m., Plaintiff walked to the Health Services Unit with the note in his hand. Plaintiff approached Officer Huber (not a defendant) and asked to speak to a female correctional officer. Officer Huber replied, "no," so Plaintiff asked to speak to the white shirt on duty. *Id.* Plaintiff talked to Captain Kasten (not a defendant) and gave Captain Kasten the note describing his encounter with Social

3

Worker Schmitz. *Id.* at 5. He expressed his concerns about being victimized, persecuted, or retaliated against as well as being around Social Worker Schmitz. *Id.* Captain Kasten said she did not think Social Worker Schmitz would be around Plaintiff, but if he felt unsafe, he could write to her. *Id.*

On April 9, 2025, Plaintiff was interviewed by Unit Manager Pierzina and Rice (not defendants) about the April 8, 2025, incident. After the interview, Plaintiff stated his concerns about being around Social Worker Schmitz. Unit Manager Pierzina stated that he thought Plaintiff was retaliating against Social Worker Schmitz based on the conduct report and that Social Worker Schmitz had a right to defend himself against Plaintiff's accusations. *Id.* On April 11, 2025, Plaintiff sent a complaint to the inmate complaint examiner regarding Social Worker Schmitz' sexual misconduct. *Id.* at 6.

On April 15, 2025, Plaintiff was removed from X Unit and placed on Melrose Unit. On April 21, 2025, Plaintiff received a minor conduct report for disobeying orders, leaving his assigned area, being in an unassigned area, and disruptive conduct. Plaintiff appealed his conduct report to Warden Tegels on April 29, 2025. Warden Tegels affirmed the conduct report. *Id.* Plaintiff appealed Warden Tegels' decision to the inmate complaint examiner office. *Id.* at 7. The inmate complaint examiner office recommended affirming the complaint and remanding the conduct report back for a rehearing to ensure compliance with Wisconsin Administrative Code 303 and to correct the record. *Id.*

On May 19, 2025, Administration Captain and Acting Security Director Casey Jensen modified the April 8, 2025, conduct report to be a major conduct report, even though Plaintiff served his time for the conduct report as a minor conduct report. Plaintiff asserts that he faced double punishment for the conduct report and was retaliated against by Warden Tegels,

4

Administration Captain and Acting Security Director Jensen, and Social Worker Schmitz for reporting the sexual misconduct. *Id.* Plaintiff was subsequently transferred from Jackson Correctional Institution to New Lisbon Correctional Institution. *Id.* at 9. Plaintiff seeks monetary damages and declaratory relief.

**ANALYSIS**

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that Social Worker Schmitz issued him a conduct report after Plaintiff refused to provide Schmitz with sexual favors and filed an inmate complaint reporting the incident. Plaintiff also alleges that Warden Tegels affirmed the conduct report and that Administration Captain and Acting Security Director Jensen elevated the conduct report to a major conduct report after Plaintiff complained about Social Worker Schmitz' misconduct.

Plaintiff asserts that Social Worker Schmitz, Warden Tegels, and Administration Captain and Acting Security Director Jensen violated his Eighth Amendment rights to be free from cruel and unusual punishment. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[P]risoners have a clearly established Eighth Amendment right to be free from sexual abuse." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (7th Cir. 2012) (cleaned up). Although Plaintiff alleges that Social Worker Schmitz propositioned him, the complaint contains no allegations that Plaintiff was sexually abused by Social Worker Schmitz.

In addition, prison officials have a duty to protect inmates when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The complaint contains no allegations that Plaintiff faced a substantial risk of harm as a result of Social Worker Schmitz' conduct. Nor does the complaint contain allegations that Warden Tegels or Administration Captain and Acting Security Director Jensen were aware of such a risk. In short, Plaintiff has failed to state a claim under the Eighth Amendment.

Plaintiff does, however, state a plausible retaliation claim against Warden Tegels, Administration Captain and Acting Security Director Jensen, and Social Worker Schmitz. To state a First Amendment claim for retaliation, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Based on the allegations contained in the complaint, Plaintiff may proceed on a retaliation claim against Warden Tegels, Administration Captain and Acting Security Director Jensen, and Social Worker Schmitz.

Plaintiff also lists John and Jane Doe as defendants, but the complaint contains no allegations against John and Jane Doe. As a result, John and Jane Doe will be terminated as defendants from this action.

**IT IS THEREFORE ORDERED** that John and Jane Doe are terminated as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order

are being electronically sent today to the Wisconsin Department of Justice for service on Elizabeth Tegels, Casey Jensen, and Brett Schmitz.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Elizabeth Tegels, Casey Jensen, and Brett Schmitz shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on January 15, 2026.

s/ *Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge